UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REVERIANO NORIEGA,

                         Plaintiff,          **ACTION UNDER 29 U.S.C.§ 216(b)**

  -v.-

                                              **COMPLAINT**
RW STAR DELI INC. (DBA ROYAL DELI GRILL)
and FAN WANG, individually,

                         Defendants
------------------------------------------------------------X

Plaintiff REVERIANO NORIEGA, represented by STILLMAN LEGAL PC., brings this Action on his behalf and other employees in similar positions against Defendants RW STAR DELI INC. (DBA ROYAL DELI GRILL) and FAN WANG, Individually (collectively, referred to as the "Defendants"). The claims are brought under:

1. The Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 <u>et seq.</u>

2. The New York Labor Law ("NYLL") § 650 <u>et seq.</u>, as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3)

3. NYLL § 191, and

4. Related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR").

The allegations are based on the following information and belief:

## NATURE OF THE ACTION

1. This Complaint seeks to recover, inter alia, unpaid minimum and overtime wage compensation for Plaintiff, a former employee of Defendant RW STAR DELI INC. (DBA ROYAL DELI GRILL), a New York Corporation with offices at 2024 Cropsey Ave Brooklyn, NY 11214, and its principal, Defendant FAN WANG. The plaintiff was hired

directly by Defendant FAN WANG, who set his work schedule and consistently gave him daily orders and instructions regarding his duties. Defendant FAN WANG also exercised disciplinary authority over Plaintiff, including, but not limited to, issuing warnings, reprimands, and implementing other disciplinary measures as he deemed necessary. The Plaintiff alleges that the Defendants willfully failed to pay the required wages. The plaintiff was employed primarily as a cook but also did other chores such as stocking products and taking out the garbage under the direct supervision and control of Defendant FAN WANG.

2. At all times relevant hereto, Defendants were required, under relevant New York State law, to pay and compensate Plaintiff at a minimum rate of $16.00 per hour (the "minimum wage"); however, Plaintiff was only compensated at a rate of $15.15 per hour for 40 hours workweek.

3. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. However, despite such mandatory pay obligations, Defendants willfully only compensated Plaintiff at a rate of $15.15 per hour and failed to pay Plaintiff his lawful overtime pay for that period from February 2020 until November 8, 2024. During this period, Plaintiff worked well in excess of forty (40) hours per workweek, as determined by the work schedule set by Defendant FAN WANG. Defendant FAN WANG regularly exercised his authority to require Plaintiff to work additional hours beyond his scheduled work hours without providing the requisite overtime compensation. This included instances from February 2020 until November 8, 2024, where the Plaintiff was required to work sixty-six to sixty-nine (66-69) hours without receiving appropriate overtime pay.

5. Defendants' conduct extended beyond Plaintiff to all other similarly situated

employees; and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the overtime compensation required by federal and state law and regulations.

6. Plaintiff brings this action under the Wage Theft Prevention Act for Defendants' willful failure to provide written notice of wage rates in violation of said laws. This alleged lack of transparency and communication from Defendant WANG caused significant harm to the Plaintiff, including financial loss, emotional distress, and confusion, as it reportedly obstructed his ability to accurately calculate his owed wages. This failure directly resulted from Defendant FAN WANG's negligent actions as the Plaintiff's employer, who was responsible for communicating wage rates and maintaining accurate record keeping. Furthermore, at all relevant times, Defendants knowingly failed to maintain accurate record keeping as mandated by the FLSA and the NYLL, thereby exacerbating the injury in fact suffered by the Plaintiff, obstructing his ability to determine owed wages accurately, and facilitating continued violation of wage laws.

7. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, overtime wages, unpaid spread-of-hours wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

8. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

9. Plaintiff further seeks certification of this action as an individual action on behalf

of himself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

11. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

14. Plaintiff REVERIANO NORIEGA is and was at all times relevant hereto an individual residing in New York.

15. Plaintiff REVERIANO NORIEGA was employed by RW STAR DELI INC. (DBA ROYAL DELI GRILL), a New York Corporation, at its offices at 2024 Cropsey Ave Brooklyn, NY 11214. The period of his employment spanned from approximately February 2020 until November 8, 2024. The plaintiff was employed primarily as a cook but also did other chores such as stocking products and taking out the garbage. Defendant FAN WANG determined and controlled his work schedule, including working hours and days. Moreover, WANG had the authority to discipline NORIEGA and did so on several occasions during the course of his employment.

16. At all times relevant hereto, Plaintiff NORIEGA was a covered employee within the meaning of the FLSA and the NYLL.

17. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**Defendants**

18. Defendant RW STAR DELI INC. (DBA ROYAL DELI GRILL) is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 2024 Cropsey Ave Brooklyn, NY 11214.

19. Upon information and belief, Defendant RW STAR DELI INC. (DBA ROYAL DELI GRILL) is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2024, and were directly engaged in interstate commerce.

20. Upon information and belief, Defendant FAN WANG is the President, Chief Executive Officer, manager, principal, or agent of Defendant RW STAR DELI INC. (DBA ROYAL DELI GRILL).

21. Upon information and belief, and at all times relevant to the claims herein, Defendant FAN WANG willfully and knowingly possessed operational control over Defendant RW STAR DELI INC. (DBA ROYAL DELI GRILL) by reason of his ownership interest, and control of significant functions of Defendant Corporation. Defendant FAN WANG: (i) was known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant RW STAR DELI INC. (DBA ROYAL DELI GRILL); (ii) personally hired Plaintiff, setting his wages and compensation; (iii) regularly (iv) established Plaintiff's 'work schedules and workload, giving him daily orders and instructions; (v)

maintained and personally reviewed employee records; (vi) paid Plaintiff weekly wages; (vii) had the authority to and did in fact discipline Plaintiff during the course of his employment; and (viii) ultimately terminated Plaintiff's employment.

22. Defendant FAN WANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

## COMMON FACTUAL ALLEGATIONS
Defendants Constitute Joint Employers

23. Defendants owned and operated RW STAR DELI INC. (DBA ROYAL DELI GRILL), a corporate entity principally engaged in Brooklyn, New York. At all relevant times, Defendants RW STAR DELI INC. (DBA ROYAL DELI GRILL) and FAN WANG possessed operational control over the Defendant Corporation, possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of the Defendant Corporation.

24. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff REVERIANO NORIEGA and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees, including Plaintiff REVERIANO NORIEGA, the applicable minimum rate for work performed for the first forty (40) hours per week, thus causing financial harm and distress;

   b. failing to pay employees, including Plaintiff REVERIANO NORIEGA, the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week, thus causing financial harm and distress;

   c. failing to keep accurate records of hours worked by employees, including Plaintiff REVERIANO NORIEGA, as required by the FLSA and NYLL, thus causing financial harm and distress due to inaccuracies in wage calculation.

      d. failing to provide statutorily required wage and hour records or statements of pay received on multiple specific occasions (Specific dates will be provided during the discovery phase of the litigation process.) as required by the FLSA and the NYLL, in part to hide Defendants' violations of the wage and hour laws, and to systematically take advantage of Plaintiff and other similarly situated employees' relative lack of knowledge of wage and hour laws; and

25. Defendants have knowingly and willfully engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant financial damage, emotional distress, and other consequential damages to Plaintiff REVERIANO NORIEGA and the other class members.

26. Defendant RW STAR DELI INC. (DBA ROYAL DELI GRILL), under the direct supervision and authority of Defendant FAN WANG, acted in the interest of the Defendants, specifically RW STAR DELI INC. and FAN WANG, with respect to its employees, the rate of and method of employee compensation was paid, and shared joint control over their employees.

27. At all times during the Plaintiff's employment, Defendants RW STAR DELI INC. (DBA ROYAL DELI GRILL) and FAN WANG maintained significant control over the working conditions of Plaintiff and other similarly situated employees. This control was exercised through direct and daily involvement in setting work schedules, assigning tasks, implementing disciplinary actions, and determining the methods and rates of compensation. For instance, Defendant WANG personally set the Plaintiff's work hours, issued daily instructions, and decided on Plaintiff's compensation structure.

28. Defendants RW STAR DELI INC. (DBA ROYAL DELI GRILL) and FAN WANG jointly employed Plaintiff and all similarly situated individuals and are Plaintiff's and all

similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

29. Defendants RW STAR DELI INC. (DBA ROYAL DELI GRILL) and FAN WANG constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

30. At all times relevant hereto, Defendants RW STAR DELI INC. (DBA ROYAL DELI GRILL) and FAN WANG were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. These Defendants were directly involved in the hiring process of the Plaintiff, conducting interviews and making the final decision to employ the Plaintiff. Similarly, the Defendants were responsible for the termination of the Plaintiff's employment, making the decision to end the employment relationship. Such Defendants had the authority and power to hire and fire Plaintiff, as evidenced by the hiring process where the Defendants interviewed and selected the Plaintiff for the position, and the termination process where the Defendants decided to end the Plaintiff's employment. The Defendants also controlled the terms and conditions of the Plaintiff's employment, including work assignments and hours, as shown by the daily work schedules set by the Defendants and the specific tasks assigned to the Plaintiff. Furthermore, the Defendants determined the rate and method of any compensation in exchange for the Plaintiff's services, as demonstrated by the Defendants' decisions on the Plaintiff's salary and method of payment. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

31. Defendants further exercised control, supervision, guidance, and instruction over the limited recordkeeping that was conducted, a practice that Plaintiff alleges to be deficient per the stipulations of FLSA and NYLL.

**Plaintiff REVERIANO NORIEGA**

32. Plaintiff worked from approximately February 2020 until November 8, 2024. Defendants employed plaintiff NORIEGA at their 2024 Cropsey Ave Brooklyn, NY 11214 facility. The plaintiff was employed primarily as a cook but also did other chores such as stocking products and taking out the garbage and any additional tasks assigned by Defendant WANG.

33. The plaintiff worked six days a week, from Tuesday to Sunday, starting at 6:00 A.M. and finishing at 5:30 P.M. During this time, the plaintiff was not provided with a lunch break and was not required to clock in or out. He earned $1,000 per week, paid entirely in cash. Occasionally, he received tips, typically around $2. The plaintiff worked approximately 66 to 69 hours per week. In 2022, he experienced a workplace accident where he cut his finger. While the injury has since healed, the employer still owes the plaintiff one week of unpaid wages.

34. From February 17, 2020, until December 31, 2020, Plaintiff was paid $15.15 per hour, the underpayment per week was $196.97, and the total underpayment of that period of time was $8,863.64. From January 1, 2021, until December 31, 2021, Plaintiff was paid $15.15 per hour, the underpayment per week was $196.97, and the total underpayment of that period of time was $10,242.42. From January 1, 2022, until December 31, 2022, Plaintiff was paid $15.15 per hour, the underpayment per week was $196.97, and the total underpayment of that period of time was $10,242.42. From January 1, 2023, until December 31, 2023, Plaintiff was paid $15.15 per hour, the underpayment per week was $196.97, and the total underpayment of that period of time was $10,242.42. From January 1, 2024, until November 8, 2024, Plaintiff was paid $15.15 per hour, the underpayment per week was $264, and the total underpayment of that period of time was $11,880. The total

unpaid wages is on or about $51,470.91.

35. Plaintiff NORIEGA did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff NORIEGA did not come and go at his pleasure but rather was controlled by Defendants.

36. Plaintiff NORIEGA was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff NORIEGA's work is properly characterized as menial physical labor.

37. Plaintiff NORIEGA regularly handled goods in interstate commerce and other items produced outside of the State of New York.

38. Plaintiff worked without appropriate minimum and overtime wages from the beginning and until the end of his employment with Defendants, a violation which we contend was done willfully by the Defendants.

39. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff NORIEGA regarding wages as required under the FLSA and NYLL.

40. Defendants did not provide Plaintiff NORIEGA with an accurate wage statement for each payment, as required by NYLL 195(3). This failure caused substantial actual injury to the Plaintiff by hindering his ability to accurately calculate his due wages, leading to significant financial losses, emotional distress, and other related damages.

41. Defendants never provided Plaintiff NORIEGA with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1). This willful failure to provide notice has caused Plaintiff substantial injury in fact, as he

was unable to fully understand and assert his rights under the law, leading to financial losses, emotional distress, and others associated damages.

## Defendants' General Employment Practices

42. As part of their regular business practices, Defendants willfully required Plaintiff REVERIANO NORIEGA to work beyond his scheduled hours without paying him the proper minimum and overtime wages as required by federal and state laws. As an example, Defendants compelled Plaintiff to work additional hours from February 2020 until November 8, 2024, without offering the due overtime remuneration.

43. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

44. Defendants willfully failed to post the statutorily required wage and hour posters and did not provide Plaintiff REVERIANO NORIEGA with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

45. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) minimum wages, and (iii) overtime wages.

46. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates. This failure to provide written notice, which is required by the NYLL and Wage Theft Prevention Act, has led to a tangible injury forresulted in significant harm to the Plaintiff, REVERIANO NORIEGA.e was unable to accurately determine his owed wages, which resulted in financial harm and distress.

47. Throughout the relevant time period, Defendants paid Plaintiff REVERIANO NORIEGA wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3). This willful failure to provide the required wage statement and annual pay notices constitutes an injury in fact under the Wage Theft Prevention Act, has caused Plaintiff REVERIANO NORIEGA substantial financial harm, emotional distress, and other consequential damages, and is a violation of Plaintiff's rights.

48. Defendants failed to provide Plaintiff REVERIANO NORIEGA with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address, and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3). This willful failure to provide accurate wage statements has caused Plaintiff injury in fact, leading to financial harm, emotional distress, and other injuries in fact as he was unable to fully understand and assert his rights regarding his wages.

**FIRST CAUSE OF ACTION**
**(Violation of the Minimum and Overtime Wage Provisions (29 U.S.C. § 206, 207) and Recordkeeping Provisions (29 U.S.C. § 211) under the Fair Labor Standards Act)**

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power

to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment. For instance, Defendants were directly involved in the hiring process of the Plaintiff, with Defendant FAN WANG personally conducting the interview and offering the job to the Plaintiff. Defendants also exercised control over Plaintiff's work schedule, with Defendant WANG regularly setting his weekly work hours, and even adjusting them on several occasions without prior notice. Defendants assigned daily tasks to Plaintiff, with specific instructions on how to perform them, and provided direct supervision, with Defendant WANG frequently monitoring Plaintiff's work and providing feedback. This close and direct involvement by the Defendants establishes a clear employer-employee relationship.

51. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

52. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

53. Defendants' failure to pay Plaintiff the applicable minimum and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

54. Defendants willfully failed to satisfy the FLSA's recordkeeping requirements.

55. Defendants acted willfully in their violations of the FLSA's requirements, causing an injury in fact to the plaintiff.

56. Plaintiff (and the FLSA class members) seeks compensation for his unpaid lawful minimum and overtime wages, liquidated damages as stipulated by the FLSA for wage violations, attorneys' fees and costs, and any other legal and equitable relief as this

Court deems just and proper. The exact amount of damages will be determined at trial.

## SECOND CAUSE OF ACTION
**(Unpaid Minimum and Overtime Wages Under New York Labor Law)**

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff minimum wages and the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

59. It is alleged that the failure of Defendants to pay Plaintiff minimum and overtime wages was deliberate, as defined in N.Y.Lab.Law § 663.

60. Due to Defendants' willful violations of the NYLL, Plaintiff REVERIANO NORIEGA is entitled to recover from Defendants his unpaid minimum wages, overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

## THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law. This willful failure to provide notice has caused Plaintiff substantial injury in fact, as he was unable to fully understand and assert his rights under the law, leading to financial

losses, emotional distress, and other associated damages. Furthermore, due to Defendants' failure to provide complete, accurate, and legally required notifications regarding the rate of pay and other essential employment terms, Plaintiff has experienced additional hardship and injury, including but not limited to financial instability, emotional distress, and time spent correcting and seeking redress for these violations. It has resulted in financial harm and distress due to the inability to accurately determine owed wages and other compensation-related matters, in violation of NYLL § 195(1).

63. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. Defendants, specifically Defendant FAN WANG who directly hired Plaintiff and unilaterally determined the terms of his employment, set his work schedule, issued explicit day-to-day orders, and imposed disciplinary measures on multiple documented occasions, have willfully failed to provide Plaintiff with complete and accurate wage statements throughout his employment. This failure is evident from the discrepancies in the wage statements and the actual hours worked as recorded in the work logs maintained by the Plaintiff. These statements should have included, among other things, all his regular and any overtime hours of work, his rate of pay, and the basis of pay. This failure to provide accurate wage statements has caused Plaintiff substantial injury in fact, resulting in significant financial loss, emotional distress, and other associated damages

as he was unable to fully understand and assert his rights regarding his wages, in violation of NYLL § 195(3).

66. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff REVERIANO NORIEGA respectfully requests that this Court enter judgment against Defendants RW STAR DELI INC. (DBA ROYAL DELI GRILL) and FAN WANG, as follows:

a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c. Declaring that Defendants have willfully violated the minimum and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d. Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime

wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

  e. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

  f. Declaring that Defendants have willfully violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

  g. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages;

  h. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

  i. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  j. Awarding Plaintiff reasonable expenses incurred in this action, subject to court review, including costs and attorney's fees; and

  k. All such other and further relief as the Court deems just and proper.

  l. An award of statutory damages for Defendants' willful failure to provide Plaintiff with wage notices at the time of his respective hiring,

or at any point thereafter. This failure caused substantial injury in fact to the Plaintiff as he was unable to accurately determine his owed wages, leading to significant financial losses, emotional distress, and other associated damages, in violation of NYLL § 198 (1-b);

  m. An award of statutory damages for Defendants' willful failure to provide Plaintiff with complete and accurate wage statements. This failure caused significant injury in fact to the Plaintiff, as it led to his inability to fully understand and assert his rights regarding his wages and resulted in financial losses and distress, in violation of NYLL § 198 (1-d);

  n. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

  o. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

  p. An award for any injury in fact suffered by the Plaintiff due to Defendants' willful violation of the Wage Theft Prevention Act (WTPA), including but not limited to financial losses, distress, and any other tangible or intangible harm suffered by the Plaintiff as a direct result of Defendants' actions; and such other relief as this Court shall deem just and proper.

Dated: New York, New York
   December 2, 2024

            LINA STILLMAN, ESQ.

            _____

Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com